

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,*

Honorable Mortimer Brown
Executive Secretary
Teacher Retirement Board
Austin, Texas

Dear Sir:

Opinion No. O-2950
Re: Teacher Retirement --
Person employed in the
educational work of the
National Defense Train-
ing Program.

We received your letter dated December 3, 1940,
requesting our opinion on the following questions:

"1. Is a person employed in the
educational work of the National Defense
Training Program that is now being con-
ducted in Texas under the supervision of
the State Board for Vocational Education
occupied in work of such a nature as to
cause his status as a teacher to be doubt-
ful and consequently subject to a ruling
by the Board of Trustees of the Teacher
Retirement System?

"2. In case his status is not of a
doubtful nature, is the work of an eligible
nature or ineligible nature?"

We quote from the letter written by Mr. James R.
D. Eddy to you, dated November 30, 1940, as follows:

"The State Board for Vocational Educa-
tion, in cooperation with local school boards,
has been conducting emergency training programs
in cooperation with the U. S. Office of Educa-
tion to meet the needs for national defense
programs. These programs are supported entire-
ly by Federal funds appropriated by Congress
for this purpose. No local or State money is
used.

Honorable Mortimer Brown, Page 2

"We are now undertaking an expansion of
this training program in conformity with the
supplementary Act, and new plans as set up
by the Office of Education. Under this ex-
panded program, training will be offered un-
der the supervision of the Homemaking Divi-
sion, Agriculture Division, and Trade and
Industrial Division, through local school
boards over the entire State. There are
three plans for conducting programs under
the various Acts. Attached is an informa-
tive circular describing these three plans.
Also attached are copies of questions and
answers as issued by the U. S. Office of
Education pertaining to the National Defense
Program.

"The problem that is confronting us is
whether or not these teachers come within
the scope of the State Teacher Retirement
Act and are eligible to participate therein.
In considering this question, I should like
to present the following facts for your in-
formation:

"1. In the majority of cases, teachers
will be employed by local school boards with
the consent and approval of the State Board
for Vocational Education.

"2. The local school board will enter
into a contract with the State Board for
Vocational Education for the payment of
funds to cover the actual cost of the in-
structional program. These funds will be
paid upon receipt of sworn affidavits through
the issuance of a warrant drawn at the request
of the State Board for Vocational Education by
the State Treasurer of Texas on a special ac-
count set up by the U. S. Office of Education
for this purpose. This warrant is issued to
the school depository in the usual manner
but must be kept by the depository in a separ-
ate account.

"3. All teachers are hired on an emergency
basis with the anticipated employment period be-
ing for eight weeks or more, and not longer than

Honorable Mortimer Brown, Page 3

until June 30, 1941.

"4. Teachers may be hired by the State Board for Vocational Education on a State-wide itinerate basis and paid salaries out of special funds deposited with the State Treasurer for such purposes.

"5. Teachers are hired both on a part-time and full-time basis. In considering the question of teacher retirement, only full-time teachers can be considered. No question has arisen insofar as part-time teachers are concerned, except as stated below.

"6. Regularly employed school teachers may teach a limited number of hours in the NYA program as set up under Plan 3, and receive therefor additional salary for this part-time work that is done outside and exclusive of their regular teaching duties. In no case can any teacher teach more than a total of 40 hours class work per week.

"Up to the present time, all teachers hired on this program have been employed on a temporary three months basis, which eliminated them from participation. Under the new regulations effective as of this date, teachers may work until June 30, 1941."

Section 1, Subsection 2 of the Teacher Retirement Act (Acts 45th Leg., 1937, Ch. 470, Page 1178) reads as follows:

"(2) 'Public School' shall mean any educational organization supported wholly or partly by the State under the authority and supervision of a legally constituted board or agency having authority and responsibility for any function of public education."

Section 1, Subsection 3 of the said Act reads as follows:

"(3) 'Teacher' shall mean a person
employed on a full-time, regular-salary
basis by boards of common school districts,
boards of independent school districts, coun-
ty school boards, Retirement Board of Trus-
tees, State Board of Education and State De-
partment of Education, boards of regents of
colleges and universities, and any other
legally constituted board or agency of an
educational institution or organization sup-
ported wholly or partly by the State. In
all cases of doubt, the Retirement Board of
Trustees, hereinafter defined, shall deter-
mine whether a person is a teacher as defined
in this Act. A teacher shall mean a person
rendering service to organized public educa-
tion in professional and business administra-
tion and supervision and instruction, in
public schools as defined in subsection (2)
of this section." (Underscoring ours).

Section 1, Subsection 5 of said Act reads as fol-
lows:

"(5) 'Employer' shall mean the State
of Texas and any of its designated agents or
agencies with responsibility and authority
for public education, such as the common and
independent school boards, the boards of
regents of state colleges and universities,
the county school boards, or any other agency
of and within the State by which a person may
be employed for service in public education."

As we understand the facts, the teachers in ques-
tion are hired by the local school board. The board deter-
mines and passes upon the qualifications of said teachers.
These teachers are under the control and supervision of the
local school board and look to the board for their salaries.
We are of the opinion that such facts clearly show that the
local school board is the employer of the teachers in ques-
tion within the meaning of Section 1, Subsection 5 of the
Teacher Retirement Act.

Whether or not the persons in question are covered
by the Teacher Retirement Act depends upon whether they are
"teachers" as that term is defined in Section 1, Subsection

Honorable Mortimer Brown, Page 5

3 of the Act. This Section provides that "'Teacher' shall mean a person employed on a full-time, regular salary basis * * *." (Emphasis ours). The facts reveal that the employees in question may teach up to forty (40) hours per week. Courses may be offered at any time during the twenty-four (24) hours of the day. The length of the daily schedule and training period is not fixed, but depends upon the needs of the jobs for which training is given. We are informed that the entire program is somewhat temporary in nature and will expire June 30, 1941, unless otherwise extended.

Subsection 3 of Section 1 of said Act provides further that "A teacher shall mean a person rendering service to organized public education * * * in public schools." (Emphasis ours). It may be that in certain situations this part of Subsection 3 would exclude some of the persons in question from the provision of the Act.

Subsection 3 of Section 1, after defining the word "teacher," provides further that "In all cases of doubt, the Retirement Board of Trustees * * * shall determine whether a person is a teacher as defined in this Act." We are of the opinion that it is doubtful whether these persons engaged in the National Defense Training Program, conducted under the supervision of the State Board for Vocational Education, are "teachers" within the meaning of the Teacher Retirement Act. It follows that this is a matter for the Retirement Board of Trustees to decide. For this reason we do not answer your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 2, 1941

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

By Lee Shoptaw

Lee Shoptaw

LS:RS